IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA,

v.                                                  Criminal Action No. 3:17-cr-00131-JAG

JOSEPH COSBY,
        Defendant.

## OPINION

The four-count indictment in this case charges the defendant, Joseph Cosby, with: (1) possession with intent to distribute/distribute cocaine base; (2) possession with intent to distribute/distribute cocaine base; (3) possession with intent to distribute cocaine base; and (4) possession of firearm by a felon. The defendant has moved to dismiss counts 1, 2, and 4, on the grounds that those counts are duplicitous, or allege more than one offense each. Because the indictment is not duplicitous, the Court denies the defendant's motion to dismiss.

## I. DISCUSSION[1]

Duplicity occurs when an indictment joins two or more separate and distinct offenses in a single count. *United States v. Hawkes*, 753 F.2d 355, 357 (4th Cir. 1985). When the government uses a single act to prove two charges, however, the indictment is not duplicitous. *Id.* at 358. Conversely, when "separate evidence is required to prove two charges arising from the same factual situation," they are separate offenses and can support separate verdicts. *Id.*

### A. Counts 1 and 2

The defendant moved to dismiss counts 1 and 2 because they each allege two violations of 21 U.S.C. § 841: possession with intent to distribute and distribution of crack cocaine.

---

[1] Rule 12 of the Federal Rules of Criminal Procedure permits a court to dismiss a defective indictment. Fed. R. Crim. P. 12(b)(3)(B).

Possession with intent to distribute and distribution are two different offenses. *United States v. Randall*, 171 F.3d 195, 209 (4th Cir. 1999). Joining possession and distribution in one count, however, is not necessarily duplicitous. *United States v. Sellers*, 657 F. App'x 145, 147 (4th Cir. 2016) (citing *Hawkes*, 753 F.2d at 357). Specifically, when a single act constitutes two violations of the same subsection of a statute, charging both possession and distribution in the same count is not duplicitous. *Id.* In *Hawkes*, for instance, the defendant's sole act of cultivating marijuana constituted both the possession and manufacture of the drug. 753 F.2d at 358.

In this case, the government informed the Court in its opposition brief that the defendant distributed crack cocaine to an informant working with law enforcement on two occasions. On these facts, as in *Hawkes*, a single act in both instances constitutes proof of two offenses, as the defendant's act of providing crack cocaine to the government informant establishes both possession and distribution. Thus, charging both offenses in the same count is not duplicitous, and the Court denies the defendant's motion to dismiss counts 1 and 2.[2]

### B. Count 4

The defendant next argues that count 4 of the indictment is defective because it alleges a violation of 18 U.S.C. § 922(g) for possession of two different firearms, as well as ammunition.

A defendant's possession of multiple firearms and ammunition, "seized at the same time from his house, supports only one conviction of 18 U.S.C. § 922(g)." *United States v. Dunford*, 148 F.3d 385, 390 (4th Cir. 1998). The Fourth Circuit reversed thirteen of the fourteen § 922(g)

---

[2] Duplicitous counts are concerning in cases where it is impossible to tell whether the jury's verdict was unanimous as to either offense. *United States v. Smith*, 26 F.3d 739, 753 (7th Cir. 1994). Should it become an issue, the Court can prevent confusion through its jury instructions. For instance, a trial court properly instructed the jury on possession with intent to distribute when the government did not present evidence of distribution at trial, even though the indictment pled both offenses. *United States v. Herbert*, 502 F.2d 890, 894 (10th Cir. 1974).

counts against Dunford because authorities seized six firearms, plus ammunition, from his house at one time, which could only support one count. *Id.*

Here, the government informed the Court that officers recovered two firearms stored together in a toilet water tank. As such, the indictment conforms to the rule in *Dunford*. The government may bring multiple prosecutions if it can show that "the seized weapons were acquired at different times and places," but that is not before the Court. *United States v. Mullins*, 698 F.2d 686, 687 (4th Cir. 1983). The indictment as to count 4 is proper, and the Court denies the defendant's motion to dismiss count 4.

## III. CONCLUSION

For the reasons stated above, the defendant's motion to dismiss is denied.

The Court will enter an appropriate Order dismissing this case.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: 12/12/17
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge